Nash, C. J.
 

 The action was commenced against Jesse Harris and his wife, the present defendant, Matilda Hands, and against Henry Nance, the other defendant. Jesse Harris is dead, and the suit abated 'as to him; and the only question raised by the bill of exceptions is, can it be carried on, or survive against the wife ? On tire part of the plaintiff, it is admitted that in the contract of bailment, Mrs. Harris was the agent of her husband, and on it she is not liable; but it is sought to subject her by deserting the contract, and suing in tort, upon the ground that a feme covert is answerable for her own personal trespasses, and may be sued with her husband, and that if he die pending the action, the suit will not abate as to her. The principle is correct in the abstract, and if the facts set forth in die case amount to such a trespass on her part, then the suit is properly prosecuted against her. All persons are liable for their own tortious acts, unconnected with, or in dis-affirmance of, a contract. Thus, though an infant cannot be sued upon his contract, except for necessaries, yet he is liable in damages for an assault and batteiy, and for Ms slander; but a person can not, by changing his form of action, charge him for a breach of contract, as for negligence or immoderate use of a horse,
 
 Jennings
 
 v.
 
 Rundall,
 
 8 Term Rep. 335. In that case, the immoderate use of the horse, which was the gravamen of the plaintiff’s claim, and which had been hired to the defendant, who was an infant, was strongly urged as being a tortious act, which would sustain the action. It was decided that the plaintiff could not recover, because the cause of action grew out of a contract, for a breach of which, no action could be sustained. If this were not the law, the protection thrown around infants, would, in many
 
 *17
 
 instances be fruitless. A married woman is not personally liable for her contracts of any land; but if she commit an actual tort, she is liable, and may be sued jointly with her husband: but it must be an actual tort, as an assault and battery, and not a constructive one, arising from ignorance and negligence — Coke Lit. 180, b.
 
 n.
 
 4. It is admitted in this case, that in borrowing the horse from the plaintiff, she was acting as the agent of her husband; and, therefore, the attempt is made to charge her in tort. Two tortious facts are alleged — the one overloading the vehicle, and the other immoderate driving. We understand from the case, that she both loaded and drove the vehicle. Do both or either of these acts amount to such an actual trespass, as to subject her to an action? We are very clearly of opinion they do not. Both the overloading and immoderate driving were acts of negligence or want of skill. In the case of the infant, we have seen that immoderate driving was not.such a tortious act, as subjected the defendant to an action of tort. 'Why should it in a feme covert? Neither was answerable upon the contract, and both are answerable for an actual tort. The case discloses no act of the defendant, Matilda, amounting to such a tort. It is not shown that she struck the horse a blow on the ride. If she had beaten him with a club, or cut him with a knife, whereby he was injured, or' his owner deprived of his services, she would have been answerable — and for an actual tort.
 

 We see no error in the judgment, and it is affirmed.
 

 Per Curiam. Judgment affirmed.